Per Curiam :
On tbe-day of —-, A. D. ——■, —-——- - — -—, a phonographic reporter was appointed a special commissioner of this court to take testimony in certain cases. The appoinment was made on the application of the counsel on both sides, and upon their recommendation. Since then it has come to the knowledge of the court that the special commissioner was a person of bad character, and unworthy of being intrusted with so grave a duty. After learning this fact the court vacated his commission, hut inasmuch as no irregularity was known to exist in depositions taken before him, no order was made concerning them. It has now, however, been brought to our notice that these depositions were not “ read over to and signed by the witnesses,” as required by Rule xxviii, but, on the contrary, that the commissioner, after his return to Washington, wrote out from his phonographic notes what purport to be original depositions taken before him in Charleston *385 and Savannah, and then attached to each a loose sheet bearing the signature of the witness previously obtained.
Such a proceeding by any commissioner would be a gross violation of the rule, and when the bad character of this commissioner is taken into account, with the numerous cases in which he acted and the large amounts involved in many of them, it becomes an imperative duty that they be suppressed. It is with regret that the court is compelled to throw this additional expense and delay upon the claimants, but no other course seems open, or fit, and proper to be pursued. The irregular manner in which he was proceeding seems to have been known to the claimants’ counsel in some, if not all, of the cases.
In addition to these very grave errors, we find that these depositions consist of loose sheets, merely fastened together by the ordinary tin fastenings, known as paper clasps, which any one can open and reclose at pleasure. A deposition fastened in this manner is entirely at the mercy of every person who has access to it, and any dishonest person could slip out an important sheet, or substitute a spurious one, at his pleasure. A court acting almost entirely upon depositions cannot be too careful to preserve all the safeguards and solemnities which can insure their truthfulness and authenticity. A commissioner should so connect the sheets of a deposition that they could not be tampered with, and should return them sealed together so that the unbroken seal would be conclusive proof in their favor. He should sign each sheet, and make the witness sign each sheet, and g^ .erally he should spare no pains to return to the court the exact evidence which he has taken.
The court will endeavor to lighten the burden of the claimant, so far as possible, by looking into the cases, and where they should be dismissed upon the merits, dismissing them now, instead of subjecting the parties to further vexation and ultimate defeat. The eases remanded are those which appear to contain merits, if properly presented.